# IN THE SUPREME COURT OF THE STATE OF NEVADA

RYAN JOE CODDINGTON,
Appellant,
vs.
WILLIAM MARTIN CLARK,
INDIVIDUALLY, AND AS THE
PERSONAL REPRESENTATIVE OF
ALEA CLARK, DECEASED,
Respondent.

No. 72973

FILED

OCT 2 9 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in a wrongful death action. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Respondent William Martin Clark, both in his individual capacity and as a representative of his daughter's estate, filed a wrongful death complaint regarding his daughter against appellant Ryan Joe Coddington. After Coddington was found criminally liable for Clark's daughter's death, the district court granted summary judgment in Clark's favor, as an individual,[1] and entered a final judgment awarding Clark $1,500,000 in damages. Coddington now appeals, arguing that Clark could not bring any wrongful death claims regarding his daughter pursuant to NRS 41.085.

At the outset, we note that Clark did not file an answering brief or otherwise respond to Coddington's opening brief on appeal. We could

---

[1]An estate representative was appointed before summary judgment was granted.

18-42249

chose to treat the failure to file a brief as a confession of error that Clark lacked the ability to bring a wrongful death claim, and, accordingly, vacate the district court's judgment in Clark's favor and remand this case back to the district court with instructions for the district court to dismiss the complaint. *See* NRAP 31(d)(2) ("The failure of respondent to file a brief may be treated by the court as a confession of error and appropriate disposition of the appeal thereafter made."). We decline to do that in this case, however, because this issue was not addressed by the district court.

Wrongful death claims exist only by statute and, therefore, "[t]he statute . . . designates the only person who can maintain such an action." *Wells, Inc. v. Shoemake*, 64 Nev. 57, 66, 177 P.2d 451, 456 (1947) (recognizing that wrongful death claims did not exist in the common law and that "[w]hatever standing plaintiffs have in the present case must be found in the statutes of Nevada"). The wrongful death statute, NRS 41.085, provides that only "the heirs of the decedent and the personal representatives of the decedent" may maintain a wrongful death action, NRS 41.085(2), and defines "heir" as "a person who, under the laws of this State, would be entitled to succeed to the separate property of the decedent if the decedent had died intestate," NRS 41.085(1). *See also Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) ("The NRS 41.085 statutory scheme creates two separate wrongful death claims, one belonging to the heirs of the decedent and the other belonging to the personal representative of the decedent . . . .").

In this case, Clark conceded that he was proceeding in his individual capacity rather than as a representative of his daughter's estate. Therefore Clark cannot bring a wrongful death claim as a personal representative of his daughter's estate. The district court did not address,

however, if Clark was an heir, as that term is defined by NRS 41.085(1), entitled to bring a wrongful death claim under NRS 41.085(2). This determination requires findings of fact not included in the record on appeal, and the district court is better suited to make such findings in the first instance. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance."). If the district court concludes that Clark is not an heir, his wrongful death claim may be subject to dismissal for failure to state a claim upon which relief could be granted. *See* NRCP 12(b)(5). Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Leon Aberasturi, District Judge
Greenberg Traurig, LLP/Sacramento
William Martin Clark
Third District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A